IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00328-KDB-SCR

CHRISTOPHER SANTEIU,

Plaintiff,

v.

PERGOLA ROOF, LLC; ET AL.,

Defendants.

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment as to Pergola Casa, LLC, Pergola Roof, LLC, Pergola Roof USA, and Pergola Roof Holdings, LLC (the "Pergola Defendants") (Doc. No. 7). The Court has carefully considered this motion, Plaintiff's memorandum in support and the relevant pleadings and other filings. For the reasons discussed below, the Court will in part **GRANT** and in part **DENY** the motion.

I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *Citadel Brands LLC v. Teespring, Inc.*, No. 3:23-CV-00586-KDB-SCR, 2024 WL 3240683, at *1 (W.D.N.C. June 28, 2024). When a defendant defaults, he admits the complaint's well-pleaded allegations of facts. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). That said, "[t]he defendant is not held ... to admit conclusions of law," as "a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). To determine whether to enter

1

judgment on a defendant's default, the court examines whether the well-pleaded allegations in the complaint support the relief sought in the case. *Id.* "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. Indeed, default judgments are generally disfavored in the Fourth Circuit. *See Tazco, Inc. v. Dir., OWCP*, 895 F.2d 949, 950 (4th Cir. 1990); *Shipp v. Goldade*, No. 519CV00085KDBDCK, 2019 WL 13225873, at *1 (W.D.N.C. Sept. 9, 2019). Ultimately, "[e]ntry of default judgment is left to the discretion of the court." *U.S. Lumber Grp., LLC v. Shed Co., LLC*, No. 5:24-CV-00200-KDB-SCR, 2025 WL 798097, at *1 (W.D.N.C. Feb. 3, 2025) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

Further, before entering a default judgment against a defendant, a court must assure itself that the defendant has been properly served. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient). "A court does not have personal jurisdiction over a defendant who has not been properly served and therefore has no power to enter a default judgment." *Douglas v. Univ. Place Nursing & Rehab. Ctr.*, No. 317CV00303FDWDCK, 2019 WL 1246205, at *1 (W.D.N.C. Mar. 18, 2019).

If the court determines that liability and jurisdiction have been established, the court must then determine damages. *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 706 (W.D.N.C. 2012). Unlike allegations involving liability, allegations about damages are not treated as admitted by a defendant's default. "The court must make an independent determination regarding damages." *Id*. In determining damages, the court may conduct an evidentiary hearing or rely on affidavits or documentary evidence in the record. *Id.*

2

Case 3:25-cv-00328-KDB-SCR     Document 8     Filed 11/24/25     Page 2 of 6

## II. BACKGROUND AND DISCUSSION

Plaintiff Christoper Santeiu alleges that he entered into an agreement with Defendants on April 5, 2024, for the purchase and installation of a custom pergola valued at $106,481. He alleges that the Pergola Defendants are shell companies run by Defendant Khalig Isgandarov and that he has fully paid for the pergola, yet received nothing other than "unlabeled pergola parts with no useable instructions for assembly." Also, he claims that complaints and requests for proper completion of the agreement have gone unanswered. (Doc. No. 7-4 at 2).

On May 15, 2025, Plaintiff filed his Complaint seeking damages for the Defendants' breach of contract. The Complaint also asserts a claim for unfair and deceptive practices affecting commerce in violation of North Carolina General Statute § 75-1.1, which Plaintiff contends entitles him to treble damages and an award of reasonable attorney fees under North Carolina General Statute § 75-16.1(1). On May 16, 2025, the Pergola Defendants were served through their registered agents with copies of the Complaint and Summons. There is no allegation that Mr. Isgandarov has been served. Because the Pergola Defendants neither answered nor otherwise formally responded to the Plaintiff's Complaint and Summons, on June 25, 2025, Plaintiff filed a Motion for Entry of Default, which was entered against the Pergola Defendants on June 30, 2025. (Doc. No. 6).

Now before the Court is Plaintiff's Motion for Default Judgment in which he seeks 1) judgment against the Pergola Defendants in the amount of $106,481.00, plus pre-judgment interest from May 15, 2025 to the date of judgment; 2) post judgment interest at the statutory rate; and 3) attorneys' fees and costs in the amount of $15,596.50 pursuant to N.C. Gen. Stat. § 75-16.1 (although Plaintiff does not ask for trebled damages under the statute). The Court will grant the Motion as to Plaintiff's first two requests, leaving only the question of attorneys' fees and costs.

North Carolina's Unfair and Deceptive Practices Act, N.C. Gen. Stat. § 75-1.1, *et seq.*, "makes unlawful unfair or deceptive acts or practices in or affecting commerce that proximately injures a plaintiff." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, No. 319CV00515KDBDSC, 2022 WL 2293908, at *18 (W.D.N.C. June 24, 2022). For Plaintiff to prevail on his UDTP claim he must show that "(1) [Defendant] committed an unfair or deceptive trade practice, (2) the act or practice in question was in or affecting commerce; and (3) the act or practice proximately caused injury to the plaintiff." *Elsayed v. Fam. Fare LLC*, No. 1:18-CV-1045, 2020 WL 4586788, at *14 (M.D.N.C. Aug. 10, 2020), *aff'd*, No. 21-1744, 2023 WL 5842301 (4th Cir. Sept. 11, 2023).

A trade practice is unfair "when it offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," and deceptive "if it has the capacity or tendency to deceive...." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). Commerce is defined as "all business activities." N.C. Gen. Stat. § 75-1.1(b). North Carolina courts have interpreted business activities broadly. *See Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440, 444 (1991). Business activities is defined as "the manner in which businesses conduct their regular, day-today activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages in and for which it is organized." *Sara Lee Corp. v. Carter*, 351 N.C. 27, 519 S.E.2d 308, 311 (1999).

Our courts have often been called upon to apply these principles to UDTP claims arising out of contractual disputes, as is alleged here. Indeed, a UDTP count is included as a boilerplate claim in most all commercial disputes because proof of unfair and deceptive trade practices entitles a plaintiff to treble damages and the possibility of an award of attorneys' fees. *See Allied Distributors, Inc. v. Latrobe Brewing Co.*, 847 F. Supp. 376, 379 (E.D.N.C. 1993). To discourage

4

this tendency, and to reign in the "extraordinary damages authorized by the UDTPA, North Carolina courts have repeatedly held that a 'breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under [the UDTPA,] N.C.G.S. § 75–1.1.'" *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 347 (4th Cir. 1998) (quoting *Branch Banking & Trust Co. v. Thompson*, 107 N.C. App. 53, 418 S.E.2d 694, 700 (1992)). Instead, a plaintiff must show "substantial aggravating circumstances attending the breach." *Id.*; *Lowe's Companies, Inc. v. Ferrandino & Son, Inc.*, No. 522CV00033KDBDCK, 2022 WL 2921137, at *2–3 (W.D.N.C. July 25, 2022); *CS Tech., Inc. v. Horizon River Tech., LLC*, 3:18-cv-00273, 2020 WL 4546436, at *8 (W.D.N.C. Aug. 6, 2020) (holding that improper invoicing did not support fraud or negligent misrepresentation claims, and that tort claims were inappropriate because the invoice dispute was "not extracontractual at all").

Thus, notwithstanding the default, the question before the Court is whether Plaintiff has sufficiently pled "substantial aggravating circumstances" to proceed with his UDTP claim. *See Citadel Brands*, 2024 WL 3240683, at *2–3. The answer is "no," at least based on the current record. Specifically, the Court cannot find sufficient aggravating circumstances based only on the allegations that Defendants are "shell" companies or Plaintiff's bare allegation that Defendants never intended to fully perform under the agreement (particularly in the context of his admission of partial – albeit inadequate – performance). While the alleged circumstances may arguably amount to an intentional breach of contract, those allegations are insufficient, without more, to support a UDTP claim. Therefore, the Court will decline to award judgment based on Plaintiff's UDTP claim, which Plaintiff may continue to pursue if he chooses to do so.

## III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Default Judgment (Doc. No. 11) is **GRANTED** in part and **DENIED** in part as set forth above**;**

2. Judgment is entered in favor of Plaintiff in the amount of $106,481.00 plus pre-judgment interest at the statutory rate from May 15, 2025 to the date of judgment;

3. Plaintiff is awarded post-judgment interest on its judgment pursuant to 28 U.S.C. § 1961; and

4. This matter will remain open for Plaintiff to pursue his claims against the individual defendant and his remaining claim against the other Defendants discussed above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 24, 2025

Kenneth D. Bell
United States District Judge